# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION, as RECEIVER for THE BANK OF UNION, EL RENO, OKLAHOMA,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**(1) DOBBINS RANCH, LLC,** an Oklahoma Limited Liability Company;<br>**(2) LINDA JEAN DOBBINS;**<br>**(3) LANCE DOBBINS;**<br>**(4) THE UNKNOWN SUCCESSORS AND HEIRS OF LARRY D. DOBBINS, DECEASED;**<br>**(5) JANET ROULET, CUSTER COUNTY TREASURER;**<br>**(6) BANK 7 WOODWARD BRANCH;**<br>**(7) CROP PRODUCTION SERVICES, INC.;**<br>**(8) XF ENTERPRISES, INC.;**<br>**(9) CARNEGIE FARMERS COOP MILL 7 ELEVATOR ASSOCIATION;**<br>**(10) CENTRAL PLAINS TRADING, LLC;**<br>**(11) CHS, INC. D/B/A PLAINS PARTNERS;**<br>**(12) ROSWELL PROPERTIES, LLC;**<br>**(13) WHEELER BROTHERS GRAIN COMPANY, LLC;** and<br>**(14) L&R CATTLE, LLC,**<br><br>     **Defendants.** | Case No. __CIV-19-131-HE__ |

## COMPLAINT

Plaintiff, Federal Deposit Insurance Corporation (the "**FDIC**"), as Receiver for

The Bank of Union, El Reno, Oklahoma, for its Complaint against Defendants, Dobbins

Ranch, LLC; Linda Jean Dobbins; Lance Dobbins; the Unknown Successors and Heirs of Larry D. Dobbins, Deceased; Janet Roulet, Custer County Treasurer; Bank 7 Woodward Branch; Crop Production Services, Inc.; XF Enterprises, Inc.; Carnegie Farmers Coop Mill 7 Elevator Association; Central Plains Trading, LLC; CHS, Inc., d/b/a Plains Partners; Roswell Properties, LLC; Wheeler Brothers Grain Company, LLC; and L&R Cattle, LLC (collectively, the "**Defendants**"), alleges and states as follows:

## X.
## PARTIES, JURISDICTION, AND VENUE

1. The FDIC is an instrumentality of the United States of America established under the Federal Deposit Insurance Act, 12 U.S.C. §§ 1811-1833(e).  The FDIC appears in this action in its capacity as Receiver for The Bank of Union, El Reno, Oklahoma (the "**Bank**") located in El Reno, Oklahoma, which was insured by the FDIC.

2. On January 24, 2014, the Oklahoma State Banking Department closed the Bank and tendered appointment to the FDIC as liquidator and receiver of the Bank pursuant to Sections 1202 and 1205 of the Oklahoma Banking Code, Okla. Stat. tit. 6, § 101, *et seq*.  That same day, the FDIC accepted appointment as receiver of the Bank pursuant to 12 U.S.C. §§ 191 and 1821(c).

3. Pursuant to 12 U.S.C. § 1821(d), the FDIC serves as successor to the Bank and has the power to collect all obligations and money due the Bank.

4. This is an action to enforce certain promissory notes, mortgages, security agreements, and guaranty agreements executed by the Defendants Dobbins Ranch, LLC ("**Dobbins Ranch**"); Larry D. Dobbins, deceased; and/or Linda Jean Dobbins.  Dobbins

Ranch is an Oklahoma limited liability company conducting business in Custer County, Oklahoma, and the real and personal property which is the subject of this action is located in Custer County, Oklahoma.

5. As more particularly described below, the Defendants Lance Dobbins; the Unknown Successors and Heirs of Larry D. Dobbins, Deceased; Janet Roulet, Custer County Treasurer; Bank 7 Woodward Branch; Crop Production Services, Inc.; XF Enterprises, Inc.; Carnegie Farmers Coop Mill 7 Elevator Association; Central Plains Trading, LLC; CHS, Inc. d/b/a Plains Partners; Roswell Properties, LLC; Wheeler Brothers Grain Company, LLC; and L&R Cattle, LLC may claim an interest in the real property which is the subject of this action.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1345 and 12 U.S.C. § 1819(b)(1)-(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## XI.
## RELEVANT FACTS

**A.    Promissory Note No. 102761.**

7. On or about June 12, 2012, Dobbins Ranch executed Promissory Note No. 102761, payable to the order of the Bank, in the original principal amount of $5,839,115.93, which has been amended and/or extended from time-to-time ("**Note No. 102761**").

8. In order to secure the repayment of the indebtedness evidenced by Note No. 102761, Larry D. Dobbins and Linda Jean Dobbins executed and delivered to the Bank a

Real Estate Mortgage dated June 12, 2012 and recorded in the land records for Custer County on July 19, 2012 in Book 1563 at Pages 109-120 covering the following described real property ("**Mortgage No. 1**"); to wit:

> The Southeast Quarter of the Northwest Quarter (SE/4 NW/4), the North Half of the Northwest Quarter (N/2 NW/4) and the Northeast Quarter (NE/4), all of Section Twenty-four (24), Township Fifteen (15) North, Range Fourteen (14) West of the Indian Meridian, Custer County, Oklahoma.
>
> The Northeast Quarter of the Northeast Quarter (NE/4 NE/4) of Section Twenty-three (23), Township Fifteen (15) North, Range Fourteen (14) West of the Indian Meridian, Custer County, Oklahoma.
>
> The Southeast Quarter (SE/4) of Section Fourteen (14), Township Fifteen (15) North, Range Fourteen (14) West of the Indian Meridian, Custer County, Oklahoma:  LESS AND EXCEPT a tract of land lying in Section Fourteen (14) more particularly described by metes and bounds as beginning at the Southeast corner of said Section Fourteen (14), thence North 1°00' East a distance of 1392.0 feet, thence South 84°15' West a distance of 401.0 feet, thence South 0°18' East a distance of 289.0 feet, thence South 4°37' West a distance of 337.0 feet, thence North 86°13' West a distance of 41.0 feet, thence South 4°00' West a distance of 731.3 feet, thence South 90°00' East a distance of 491.6 feet to the point of beginning.
>
> The Northeast Quarter of Section Fourteen (14), Township Fifteen (15) North, Range Fourteen (14) West of the Indian Meridian, Custer County, Oklahoma.
>
> The Northeast Quarter of the Southwest Quarter (NE/4 SW/4) and the East Half of the Northwest Quarter (E/2 NW/4) of Section Fourteen (14), Township Fifteen (15) North, Range Fourteen (14) West of the Indian Meridian, Custer County, Oklahoma, described tract:  Beginning at the Northwest corner of the Northeast Quarter of the Northwest Quarter of Section Fourteen (14), thence East 35 rods, thence South 43 rods, thence West 35 rods, thence North 43 rods to the place of beginning.

> The Northwest Quarter (NW/4) of Section Fourteen (14), Township Fifteen (15) North, Range Fifteen (15) West of the Indian Meridian, Custer County, Oklahoma.
>
> The Northeast Quarter (NE/4) of Section Twenty-three (23), Township Fourteen (14) North, Range Fourteen (14) West of the Indian Meridian, Custer County, Oklahoma.
>
> The Southeast Quarter (SE/4) of Section Fourteen (14), Township Fourteen (14) North, Range Fourteen (14) West of the Indian Meridian, Custer County, Oklahoma.

9. In order to further secure the repayment of the indebtedness evidenced by Note No. 102761, Dobbins Ranch executed and delivered to the Bank a Real Estate Mortgage dated June 12, 2012 and recorded in the land records for Custer County on July 19, 2012 in Book 1563 at Pages 538-549 covering the following described real property ("**Mortgage No. 2**");[1] to wit:

> The East 81 ½ feet of Lot 1, Block 99, Original Townsite of Thomas, Custer County, Oklahoma, according to the recorded plat thereof.
>
> Physical Address:  101 West Broadway, Thomas, Oklahoma.

Mortgage No. 1 and Mortgage No. 2 are referred to herein collectively as the "**Mortgages**" and the real property which is the subject of the Mortgages and described above is referred to herein collectively as the "**Subject Real Property**."

10. In order to further secure the repayment of the indebtedness evidenced by Note No. 102761, Dobbins Ranch executed and delivered to the Bank several Security Agreements dated June 12, 2012 (the "**Security Agreements**") whereby Dobbins Ranch granted the Bank a security interest in certain personal property described therein,

---

[1] Mortgage No. 2 originally covered additional real property, but Mortgage No. 2 was previously released against such additional property.

5

including the personal property described in Exhibit "A" attached hereto (the "**Collateral**").

**B.     Promissory Note No. 102762.**

11.     On or about June 12, 2012, Dobbins Ranch executed Promissory Note No. 102762, payable to the order of the Bank, in the original principal amount of $1,515,435.00, which has been amended and/or extended from time-to-time ("**Note No. 102762**").

12.     The payment of the indebtedness evidenced by Note No. 102762 is secured by the Subject Real Property and Collateral pursuant to the cross-collateralization clauses in the Mortgages and Security Agreements.

**C.     Promissory Note No. 91417.**

13.     On or about April 26, 2007, Dobbins Ranch executed Promissory Note No. 91417, payable to the order of the Bank, in the original principal amount of $500,000.00, which has been amended and/or extended from time-to-time ("**Note No. 91417**").

14.     The payment of the indebtedness evidenced by Note No. 91417 is secured by the Subject Real Property and Collateral pursuant to the cross-collateralization clauses in the Mortgages and Security Agreements.

**D.     The Guaranty Agreement.**

15.     On or about April 26, 2007, Linda Jean Dobbins executed and delivered to the Bank a certain guaranty agreement whereby Linda Jean Dobbins guaranteed the payment of Note No. 91417 (the "**Guaranty Agreement**").

**E.     The Forbearance Agreement.**

16.    On or about July 8, 2013, Dobbins Ranch, Larry D. Dobbins, and the Bank executed a Forbearance Agreement regarding Note No. 102761, Note No. 102762, and Note No. 91417 (the "**Forbearance Agreement**").  The Forbearance Agreement provides, in part, that Note No. 102761, Note No. 102762, and Note No. 91417 are in default; Dobbins Ranch has no right to offset against the amounts due under such notes; Dobbins Ranch has no defenses regarding enforcement of such notes; Dobbins Ranch has no claims against the Bank; and the Bank will forbear from seeking to enforce such notes and related mortgages, security agreements, and guaranty agreements until October 8, 2013.

**XII.**
**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract – Note No. 102761)**

The FDIC hereby incorporates the foregoing by reference.

17.    Dobbins Ranch is in default under the terms and conditions of Note No. 102761, and the entire amount outstanding under Note No. 102761 is now due.

18.    After applying all payments and credits, the outstanding amount due under Note No. 102761 is principal of $5,493,258.60, accrued interest through June 20, 2018 in the sum of $1,934,303.36, and continuing interest from June 20, 2018 until paid.  The FDIC has made demand upon Dobbins Ranch for payment of the indebtedness evidenced by No. 102761, but it has failed and refused to pay such indebtedness.

19. The FDIC is entitled to a judgment against Dobbins Ranch for all amounts outstanding under Note No. 102761 (as set forth above), together with all costs of this action, including reasonable attorney's fees.

### SECOND CLAIM FOR RELIEF
(Breach of Contract – Note No. 102762)

The FDIC hereby incorporates the foregoing by reference.

20. Dobbins Ranch is in default under the terms and conditions of Note No. 102762, and the entire amount outstanding under Note No. 102762 is now due.

21. After applying all payments and credits, the outstanding amount due under Note No. 102762 is principal of $1,369,415.38, accrued interest through June 20, 2018 in the sum of $448,322.10, and continuing interest from June 20, 2018 until paid. The FDIC has made demand upon Dobbins Ranch for payment of the indebtedness evidenced by Note No. 102762, but it has failed and refused to pay such indebtedness.

22. The FDIC is entitled to a judgment against Dobbins Ranch for all amounts outstanding under Note No. 102762 (as set forth above), together with all costs of this action, including reasonable attorney's fees.

### THIRD CLAIM FOR RELIEF
(Breach of Contract – Note No. 91417)

The FDIC hereby incorporates the foregoing by reference.

23. Dobbins Ranch is in default under the terms and conditions of Note No. 91417, and the entire amount outstanding under Note No. 91417 is now due.

24. After applying all payments and credits, the outstanding amount due under the Note No. 91417 is principal of $120,181.97, accrued interest through June 20, 2018 in

the sum of $123,325.64, and continuing interest from June 20, 2018 until paid. The FDIC has made demand upon Dobbins Ranch for payment of the indebtedness evidenced by Note No. 91417, but it has failed and refused to pay such indebtedness.

25. The FDIC is entitled to a judgment against Dobbins Ranch for all amounts outstanding under Note No. 91417 (as set forth above), together with all costs of this action, including reasonable attorney's fees.

### FOURTH CLAIM FOR RELIEF
**(Foreclosure of Mortgages)**

The FDIC hereby incorporates the foregoing by reference.

26. Given the default under the terms and conditions of Note No. 102761, Note No. 102762, and Note No. 91417, the Mortgages are in default, and, as a result, the FDIC is entitled to foreclose the Mortgages.

27. The Defendants Dobbins Ranch, Linda Jean Dobbins, Lance Dobbins, and the unknown successors and heirs of Larry D. Dobbins, deceased, may claim a fee simple interest in all or part of the Subject Real Property, but any such interest of Dobbins Ranch, Linda Jean Dobbins, Lance Dobbins, and the unknown successors and heirs of Larry D. Dobbins, deceased, is inferior and subordinate to the interests of the FDIC under the Mortgages.

28. The Defendant Janet Roulet, Custer County Treasurer, may claim an interest in the Subject Real Property by virtue of unpaid ad valorem taxes or assessments.

29. The Defendant Bank 7 Woodward Branch may claim an interest in the Subject Real Property by virtue of a Mortgage recorded in the Custer County Clerk's

office on October 1, 2012 in Book 1572 at Pages 386-389, but any such interest in favor of Bank 7 Woodward Branch is inferior and subordinate to the interests of the FDIC under the Mortgages.

30. The Defendant Crop Production Services, Inc. ("**CPS**") may claim an interest in the Subject Real Property by virtue of a judgment entered in Case No. CJ-2013-78 and recorded in the Custer County Clerk's office on September 4, 2014 as document J-14-82, but any such interest in favor of CPS is inferior and subordinate to the interests of the FDIC under the Mortgages.

31. The Defendant XF Enterprises, Inc. ("**XF**") may claim an interest in the Subject Real Property by virtue of a judgment entered in Case No. CJ-2014-62 and recorded in the Custer County Clerk's office on October 14, 2014 as document J-14-93 and on March 6, 2015 as document J-15-16, but any such interest in favor of XF is inferior and subordinate to the interests of the FDIC under the Mortgages.

32. The Defendant Carnegie Farmers Coop Mill 7 Elevator Association ("**Carnegie**") may claim an interest in the Subject Real Property by virtue of a judgment entered in Case No. CJ-2014-56 and recorded in the Custer County Clerk's office on November 5, 2014 as document J-14-97, but any such interest in favor of Carnegie is inferior and subordinate to the interests of the FDIC under the Mortgages.

33. The Defendant Central Plains Trading, LLC ("**Central Plains**") may claim an interest in the Subject Real Property by virtue of a judgment entered in Case No. CJ-2014-25 and recorded in the Custer County Clerk's office on November 10, 2014 as

document J-14-99, but any such interest in favor of Central Plains is inferior and subordinate to the interests of the FDIC under the Mortgages.

34.     The Defendant CHS, Inc. d/b/a Plains Partners ("**CHS**") may claim an interest in the Subject Real Property by virtue of judgments entered in Case No. CJ-2013-83 and Case No. CJ-2014-69 and recorded in the Custer County Clerk's office on November 25, 2013 and November 2, 2015 as documents J-13-132 and J-15-92, but any such interest in favor of CHS is inferior and subordinate to the interests of the FDIC under the Mortgages.

35.     The Defendant Roswell Properties, LLC ("**Roswell**") may claim an interest in the Subject Real Property by virtue of a judgment entered in Case No. CJ-2016-177 and recorded in the Custer County Clerk's office on September 26, 2016 as document J-16-93, but any such interest in favor of Roswell is inferior and subordinate to the interests of the FDIC under the Mortgages.

36.     The Defendant Wheeler Brothers Grain Company, LLC ("**Wheeler**") may claim an interest in the Subject Real Property by virtue of a judgment entered in Case No. CJ-2013-85 and recorded in the Custer County Clerk's office on April 24, 2014 as document J-14-34, but any such interest in favor of Wheeler is inferior and subordinate to the interests of the FDIC under the Mortgages.

37.     The Defendant L&R Cattle, LLC ("**L&R**") may claim an interest in the Subject Real Property as a tenant or otherwise by virtue of alleged lease agreements, but any such interest in favor of L&R is inferior and subordinate to the interests of the FDIC under the Mortgages.

38. The FDIC is entitled to a judgment: a) declaring that the Mortgages constitute valid first priority liens against the Subject Real Property which are superior to all rights, titles, interests, claims, and liens of all Defendants; b) foreclosing the Mortgages and all rights, titles, interests, claims, and liens of the Defendants against the Subject Real Property, and c) ordering the sale of the Subject Real Property to satisfy the indebtedness evidenced by Note No. 102761, Note No. 102762 and Note No. 91417.

### FIFTH CLAIM FOR RELIEF
**(Breach of Contract – Guaranty Agreement)**

The FDIC hereby incorporates the foregoing by reference.

39. The Defendant Linda Jean Dobbins has refused and failed to pay the indebtedness evidenced by Note No. 91417 and, thus, is in default under the Guaranty Agreement.

40. The FDIC is entitled to a judgment against Linda Jean Dobbins for the principal amount outstanding under Note No. 91417 in the sum of $120,181.97, plus accrued interest through June 20, 2018 in the sum of $123,325.64, plus continuing interest from June 20, 2018 until paid, plus all costs of this action, including reasonable attorneys' fees.

### SIXTH CLAIM FOR RELIEF
**(Replevin of the Collateral)**

The FDIC hereby incorporates the foregoing by reference.

41. As a result of the default under Note No. 102761, Note No. 102762, and Note No. 91417, the FDIC, pursuant to the Security Agreements and applicable law, is entitled to immediate possession of the Collateral.

42. Based upon information and belief, Dobbins Ranch, Linda Jean Dobbins, Lance Dobbins and/or L&R are in actual or constructive possession of the Collateral, and such possession is subject to the rights of the FDIC under the Security Agreements.

43. The FDIC is entitled to an order from the Court requiring Dobbins Ranch, Linda Jean Dobbins, Lance Dobbins, L&R and any person or entity acting in concert with Dobbins Ranch, Linda Jean Dobbins, Lance Dobbins and/or L&R, to immediately deliver the Collateral to the FDIC.

### SEVENTH CLAIM FOR RELIEF
**(Accounting of the Collateral)**

44. The FDIC hereby incorporates the foregoing by reference.

45. The FDIC is entitled to an accounting from Dobbins Ranch, Linda Jean Dobbins, Lance Dobbins and/or L&R with respect to the Collateral which includes the identity and current location of the Collateral, and an accounting of any and all proceeds received from the sale, transfer, or disposition of any Collateral.

### EIGHTH CLAIM FOR RELIEF
**(Appointment of a Receiver)**

46. The FDIC hereby incorporates the foregoing by reference.

47. The Mortgages contain assignment-of-rents provisions which grant the FDIC the right to collect any and all rents from the Subject Real Property and apply same to the indebtedness evidenced by Note No. 102761, Note No. 102762, and Note No. 91417 in the event of a default under the Mortgages or related promissory notes.

48. The Mortgages each further provide that the FDIC shall have the right to have a receiver appointed for the Subject Real Property in the event of a default under the Mortgages or related promissory notes.

49. The Security Agreements also expressly provide for the appointment of a receiver in this action and provide that the FDIC is entitled to immediate possession of the Collateral and to collect all revenue from the Collateral upon default.

50. Dobbins Ranch is in default under Note No. 102761, Note No. 102762, Note No. 91417, the Mortgages and Security Agreements, and based on information and belief, the value of the Subject Real Property and Collateral is less than the amount owed by Dobbins Ranch under the subject notes. Therefore, a receiver should be appointed immediately for the Subject Real Property and Collateral.

51. To preserve the FDIC's rights and interests in the Subject Real Property and Collateral, the FDIC is entitled to the appointment of a receiver pursuant to 12 U.S.C. § 1821(d)(18) and Fed. R. Civ. P. 66.

52. The Court should enter an order appointing a receiver for the Subject Real Property and Collateral and granting the receiver, among other things:

    (1) The authority to take immediate and exclusive possession, custody, and control of the Subject Real Property and Collateral;

    (2) Full and unfettered access to the Subject Real Property and Collateral in order to preserve, manage, repair, and maintain such property as needed;

    (3) The authority to perform basic property management duties, including, but not limited to, collecting all applicable rents from the Subject Real Property and Collateral;

(4)     The authority to incur all expenses necessary for the care, preservation, and maintenance of the Subject Real Property and Collateral;

(5)     The authority to sell and liquidate the Subject Real Property and the Collateral in accordance with 28 U.S.C. § 2001, *et seq.*, at a private or public sale as the case may be, free and clear of any liens, claims, and encumbrances upon proper notice; and

(6)     Such other authority as may be reasonably necessary to carry out the receiver's duties, including hiring agents and professionals to perform any tasks necessary to further the purpose of the requested receivership.

## XIII.
## PRAYER FOR RELIEF

WHEREFORE, the FDIC prays that the Court enter judgment in its favor and against the named Defendants as follows:

(A)     Judgment against Dobbins Ranch for the principal amount due under Note No. 102761 in the sum of $5,493,258.60, plus accrued interest through June 20, 2018 in the amount of $1,934,303.36, plus continuing interest from June 20, 2018 until paid, plus all costs of this action, including attorneys' fees;

(B)     Judgment against Dobbins Ranch for the principal amount due under Note No. 102762 in the sum of $1,369,415.38, plus accrued interest through June 20, 2018 in the amount of $448,322.10, plus continuing interest from June 20, 2018 until paid, plus all costs of this action, including attorneys' fees;

(C)     Judgment against Dobbins Ranch for the principal amount due under Note No. 91417 in the sum of $120,181.97, plus accrued interest through June 20, 2018 in the amount of $123,325.64, plus continuing interest from June 20, 2018 until paid, plus all costs of this action, including attorneys' fees;

(D) Against all Defendants: (a) declaring that the Mortgages constitute valid first priority liens against the Subject Real Property which are superior to all rights, titles, interests, claims, and liens of all Defendants; (b) foreclosing the Mortgages and all rights, titles, interest, claims, and liens of the Defendants against the Subject Real Property; (c) ordering the sale of the Subject Real Property in accordance with applicable law by the United States Marshal or the receiver appointed herein to satisfy the indebtedness evidenced by Note No. 102761, Note No. 102762, and Note No. 91417; and (d) directing that all net proceeds from the sale of the Subject Real Property be applied in satisfaction of: first, the costs, including reasonable attorneys' fees incurred by the FDIC; second, the indebtedness evidenced by Note No. 102761; third, the indebtedness evidenced by Note No. 102762; fourth, the indebtedness evidenced by Note No. 91417; and fifth, any balance to be held by the Court until further order;

(E) Judgment against Linda Jean Dobbins pursuant to the Guaranty Agreement for the principal amount due under Note No. 91417 in the sum of $120,181.97, plus accrued interest through June 20, 2018 in the amount of $123,325.64, plus continuing interest from June 20, 2018 until paid, plus all costs of this action, including attorneys' fees;

(F) Judgment against Dobbins Ranch, Linda Jean Dobbins, Lance Dobbins and L&R ordering them to immediately deliver the Collateral to the FDIC or the receiver appointed herein by the Court;

(G) Judgment against Dobbins Ranch, Linda Jean Dobbins, Lance Dobbins and L&R for an accounting of the Collateral;

(H) An immediate and *ex parte* order appointing a receiver pursuant to 12 U.S.C. § 1821(d)(18) and Federal Rule of Civil Procedure 66, and granting the receiver, among other things:

    (1) The authority to take immediate and exclusive possession, custody, and control of the Subject Real Property and Collateral;

    (2) Full and unfettered access to the Subject Real Property and Collateral in order to preserve, manage, repair, and maintain such property as needed;

    (3) The authority to perform basic property management duties, including, but not limited to, collecting all applicable rents from the Subject Real Property and Collateral;

    (4) The authority to incur all expenses necessary for the care, preservation, and maintenance of the Subject Real Property and Collateral;

    (5) The authority to sell and liquidate the Subject Real Property and Collateral in accordance with 28 U.S.C. § 2001, *et seq.*, at a private or public sale as the case may be, free and clear of any liens, claims, and encumbrances upon proper notice; and

    (6) Such other authority as may be reasonably necessary to carry out the receiver's duties, including hiring agents and professionals to perform any tasks necessary to further the purpose of the requested receivership.

(I) Such further relief to which the FDIC might show itself entitled.

Dated: February 11, 2019                         Respectfully submitted,

                                  **HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON, P.C.**

By:   s/R. Mark Petrich
       James M. Reed, OBA #7466
       R. Mark Petrich, OBA #11956
       John T. Richer, OBA #19554
       320 South Boston Avenue, Suite 200
       Tulsa, OK  74103-3706
       Telephone:  (918) 594-0400
       Facsimile:  (918) 594-0505
       Email:  jreed@hallestill.com
       Email:  mpetrich@hallestill.com
       Email:  jricher@hallestill.com

       Sam E. Taylor Jr., OBA #8884
       FDIC Legal Division
       1601 Bryan Street, 15th Floor
       Dallas, TX  75201-3430
       Telephone: 972-861-8142
       Facsimile: 972-761-8181
       Email:  SaTaylor@FDIC.gov

       **ATTORNEYS FOR PLAINTIFF,
FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER FOR
THE BANK OF UNION, EL RENO,
OKLAHOMA**

3862035.1:330316:00411